# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>V.                                         )         CASE NO. **05 MJ 211 JLA**<br>)<br>WILLIAM MARTINEZ,           )<br>            Petitioner            )<br>_____ ) | |

### MOTION FOR RELEASE OF PETITONER FROM CUSTODY AND TO QUASH ALL CHARGES ALLEGED IN THE COMPLAINT

TO THE HONORABLE MAGISTRATE JUDGE JOYCE LONDON ALEXANDER:

William Martinez, by his attorney, Oriosto Medrano Santana, respectfully represents that:

1. On April 15, 2005, petitioner was arrested pursuant to a complaint alleging violations of the Control Substances Act, Title 21 United States Code §1841(a)(1), (b)(1) (A)(ii), and §846.

2. On April 29, 2005, a preliminary hearing was held at the John Joseph Moakley U.S. Courthouse before the Honorable Magistrate Judge Joyce London Alexander and your petitioner was held pending further review by the court.

3. The admissible evidence presented did not make out a prima facie case that:

   a) Your petitioner had knowingly or intentionally manufactured, distributed, dispensed, or possessed with the intent to manufacture, distribute, or dispense, a controlled substance, in violation of 21 U.S.C. §1841; or

1

    b)      That in violation of 21 U.S.C. §846, an agreement to commit the specified crime(s) was formed, reached, or entered into by your petitioner and one or more persons; and (2) at some time during the existence of the conspiracy, agreement or understanding, your petitioner knew the purpose of the agreement and then deliberately joined the conspiracy.

4. The evidence presented did not establish probable cause to believe that petitioner committed the alleged crime(s), therefore petitioner's custody violates petitioner's rights to be free from an unreasonable seizure of the person as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Articles XII and XIV of the Constitution of the Commonwealth of Massachusetts.

5. The evidence presented was as follows:

Officer Mark Tully, a Special Agent for the United States Drug Enforcement Administration (DEA), testified that approximately in August 2004 the DEA in Boston, MA and the Massachusetts State Police ("MSP") began an investigation of the activities of one Leonel Guerra Pimentel ("Guerra") and others. According to officer Tully, the investigation lasted at least from August 2004 until April 15, 2005, included the interception of approximately six thousand calls and numerous surveillance operations. The investigation let to the arrest of Guerra and other parties, including your petitioner.

6. With respect to your petitioner, officer's Tully testimony consisted only of paragraph 56 in his affidavit and references to paragraphs 48 through 55, which in essence allege the following:

    a)      On March 30, 2005, Special Agent Hersey saw your petitioner and Manual Florentino ("Florentino") walk into an apartment building at 600 Mathews Court in Braintree at around

2

8:14 P.M. According to SA Hersey, your petitioner was carrying a "large black canvas bag." SA Hersey then saw both Florentino and your petitioner walk out of the apartment building at around 8:31 P.M. get into a Toyota Rav-4 and leave the area.

b) Moments later, officers from the Braintree Police Department, namely Officer David Delpapa and others, attempted to stop the RAV-4 but the vehicle sped away. A chase ensued until officers from the Braintree and Abington Police Departments were able to stop the vehicle. Your petitioner was the driver and Florentino was the passenger.

c) After searching the vehicle, Florentino and your petitioner, the Officers placed your petitioner under arrest for Failure to Stop and Operating a Motor Vehicle on a Suspended License. Florentino was released.

d) The DEA intercepted a call from Florentino at 9:34 P.M. in which Florentino informs Guerra that your petitioner had been arrested because petitioner did not have a driver's license. Florentino then told Guerra "he had to throw away all that shit."

e) Office Tully did not mention any narcotics or other evidence having been secured by the Government on March 30, 2005. If the Government attempted to retrieve the "Shit" allegedly thrown away by Florentino, either they did not find anything or failed to make such an important allegation. We believe the government did not retrieve any narcotics.

7. Officer Tully testified in court that out of the more than six thousand calls and numerous observations of Guerra and others who were the subject of the DEA's investigation, not once did anyone mention or observe your petitioner except on the occasion described above. Officer Tully further testified that not once did the government observe or heard your petitioner speak to Guerra or the other suspects, except on the occasion described above.

3

8. The police report filed by the Officer Delpapa of the Braintree Police Department (attached as Exhibit 1 for the benefit of the court) indicates that Officer Delpapa attempted to stop your petitioner's vehicle due to a report of a hit and run motor vehicle accident, which officer Delpapa believed to have been caused by your petitioner's vehicle. Delpapa and the other officers who actually arrested your petitioner made no mention of anything being thrown away. In fact, your petitioner was formally charged in Braintree with Failing to Stop for a Police Officer, Operating a Motor Vehicle in a negligent manner and Operating with a Suspended License. The Rav-4 was seized and searched by the Abington Police Department and no evidence of narcotics was found in it or in the person of your petitioner.

9. In the light most favorable to the Government, the evidence failed to establish even a prima facie case of the alleged crimes. The evidence presented against your petitioner is more noticeable for the absence of allegations necessary to make a prima facie case than the existence of such allegations. The Government has not presented any evidence that suggests that a violation of the Controlled Substances Act was committed on March 30, 2005 - the only day in which your petitioner is mentioned in the DEA's investigation - or that your petitioner committed it. Only by stretching the imagination can the Government reach the conclusion that on March 30, 2005 your petitioner and Florentino were delivering narcotics to 600 Mathews Court and that, if in fact that was the case, your petitioner knew it. By using the same imagination, one may come up with many different scenarios of what actually occurred besides the commission of a narcotics crime.

10. Your petitioner believes that it would be morally wrong and unjust to formally charged him with the allege crimes on the allegations presented, which are based on double hearsay and interpretations, especially in the absence of any other link after such a lengthy investigation. Your

petitioner has already been charged for the violations he allegedly committed on March 30, 2005, to wit, failure to Stop and Driving with a Suspended License.

WHEREFORE, petitioner prays this Honorable Court grant his Motion for Release From Custody and to Quash all charges alleged in the Complaint.

Respectfully submitted, petitioner, by his attorney,

Oriosto Medrano Santana, Esq.
14 Village Green Lane, Suite 3
Natick, MA 01760
Phone: 617-519-0604
Fax: 617-342-7080
E-mail: ottomedrano@yahoo.com
BBO#659359

ATTORNEY FOR DEFENDANT

# EXHIBIT 1

Braintree Police Department
Incident Report

2005                                                                    Thursday 01:22

.e Narrative

| INCIDENT<br>LOCAL #<br>PRIORITY<br>ACC  REP | ACTIVITY<br>ADDRESS (JURISDICTION)<br>DISPOSITION | OFFICER(S) | RECEIVED<br>DISPATCHED<br>ARRIVED<br>CLEARED | DISPATCHER<br>SUPERVISOR<br>NATURE<br>INCIDENT TYPE |
|---|---|---|---|---|
| I0504272<br>2<br>No   Yes | TELEPHONE<br>101 MATTHEW LN<br>(  )<br>ARREST/PC | DELPAPAD<br>REYNOLDSM | 03/30/2005, 20:11<br>03/30/2005, 20:12<br>03/30/2005, 20:17<br>03/30/2005, 23:39 | DELPAPAD<br>CURTINR<br>HIT&RUN MVA<br>HIT&RUN MVA<br>CT: LYDONS |

Caller's Info: **TERRENCE TEELE**   Phone: 781-483-0838

Reported as: **HIT&RUN MVA**   Found as: **HIT&RUN MVA**
Domestic Abuse: No

Dispatcher Remarks:
    REPORTS HIS VEHICLE WAS STRUCK BY ANOTHER MV WHICH FLED SCENE. MVS STRUCK
    WERE MA REGS 61AJ59 & 20SZ03. POSSIBLE SUSPECT DESCRIPTION GIVEN AS TOYOTA,
    UNKNOWN MODEL, BLUE-GRAY IN COLOR. SUSP MV SHOULD HAVE FRONT PASSENGER SIDE
    DAMAGE. TOYOTA RAV 4 PLATE 8266ZF. SEE REPORT BY P.O. DELPAPA

ARRESTED    MARTINEZ, WILLIAM *            License: 033666592   (MA)
(Male)      21 COLLINS ST   Apt: 3             SSN: 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
M0501794    HYDE PARK   MA
            Phone: 617-634-0883   Race: HIS   DOB: 05/21/1966 Age: 38
            Commt: ARRESTED: HIT&RUN MVA

PASSENGER   FLORENTINO, MANUEL A.          License: 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   (MA)
(Male)      25 FOLK ST                         SSN: 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
M0501797    CHARLESTOWN   MA
            Phone: None Recorded   Race: HIS   DOB: 08/28/1963 Age: 41
            Commt: PASSENGER IN SUSPECT M/V

OWNER       MALAVE, ANABELL                License: None
(Female)    128 EMERALD CT                     SSN: 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
M0501798    BOSTON   MA   00092
            Phone: None Recorded              DOB: 05/08/1969 Age: 35
            Commt: OWNER OF M/V

Vehicles:

| ID | Sr | Status | Color | Year | Make | Model | Style | VIN |
|---|---|---|---|---|---|---|---|---|
| V0502499 | AR | Towed<br>Tag: MA 8266ZF<br>Person: 01 MARTINEZ, WILLIAM * (ARRESTED) | Gray | 2004 | Toyota<br>Personal | RAV4<br>Red | Sedan, 4D | JTEGD20V940027614 |

Property:

| Loss Type | Property Type | Value | Recovery | ORI | Quantity | Measuremnt |
|---|---|---|---|---|---|---|
| Impounded | CASH/MONEY<br>Make: US    Model: US | $700 | [N/A] | [N/A] | 1.000 | Item/Dose |
|  | Comment: CASH |  |  |  |  |  |

Page 1

Braintree Police Department
Incident Report                                               Thursday 01:22

gle Narrative

| INCIDENT LOCAL # PRIORITY ACC REP | ACTIVITY ADDRESS (JURISDICTION) DISPOSITION | OFFICER(S) | RECEIVED DISPATCHED ARRIVED CLEARED | DISPATCHER SUPERVISOR NATURE INCIDENT TYPE |
|---|---|---|---|---|

Narrative(s):

Narr.   1: DAVID DELPAPA          Division: None       Status: Open        [I0504272]
        Title: INITIAL REPORT       Entered: DAVID DELPAPA              Date: 03/30/05
                                    Reviewed: No officer                Edit: 03/30/05

   On 03/30/2005 at approximately 20:11 hours I was dispatched to 101 Matthew Lane to investigate a report of a hit and run motor vehicle accident. Upon arrival I spoke with the caller, identified as Terrence Teele, regarding this incident. Mr. Teele stated that someone had hit the vehicle parked next to his girlfriends car, forcing into her car. Mr. Teele identified his girlfriend as Kishshana Palmer d.o.b. 05/28/79. Miss Palmer's motor vehicle, MA Reg # 20SZ03, was parked next to (drivers side) MA Reg# 61AJ59. This vehicle, MA Reg #61AJ59 - a 1987 Chevy Blazer, had been struck in the rear passenger side and forced into Miss Palmer's vehicle. I was unable to locate the registered owner of the Blazer, identified as Judith Reis 04/03/52.
   Det. Cohoon and I examined the damage to the rear of the Blazer and noticed that paint from the suspect vehicle had been transferred into the Blazer. The paint was grayish/bluish in color. In addition to this I found a Toyota symbol, from the grill of suspect motor vehicle, on the ground next to Miss Palmer's motor vehicle. After speaking briefly with Mr. Teele, I started an area search of Matthew Lane for the suspect motor vehicle. As I was searching the area I came upon a gray colored Toyota Rav4 parked in the lot in front of 600 Matthew Lane. As I approached this vehicle with my cruiser it pulled away from the area in a hurried manner.
   I attempted to stop this vehicle as it exited the parking lot, activating the emergency lights on my cruiser. This vehicle, MA Reg# 8266ZF, slowed down and pulled to the right momentarily before pulling away. With the emergency lights and siren activated on my cruiser I attempted to stop this vehicle as it continued to travel down Commerce Drive towards Grove Street. This vehicle exited Commerce Drive without stopping for the stop sign, taking a right turn onto Grove Street. A dark colored van approaching this intersection (n/b) was forced to slam its brakes on to avoid colliding with the suspect vehicle. The suspect vehicle accelerated down Grove Street toward the intersection of Grove Street and Columbian Street. The suspect vehicle then took an abrupt left turn onto Columbian Street, passed a vehicle on the left, and accelerated into the Town of Weymouth. At this point, per Sgt. Curtin's order, I deactivated the lights and siren on my cruiser. With the permission of Sgt. Ware, I followed this vehicle as it travelled through Weymouth.
   The suspect vehicle took a right turn onto Forrest Street from Columbian Street. The suspect vehicle then took a left turn from Forrest Street onto Randolph Street (without stopping for the stop sign, almost causing an accident). The suspect vehicle travelled down Randolph Street and onto Hollis Street. At the end of Hollis Street the suspect vehicle took a right turn onto Pond Street. At the intersection of Pond Street and Main Street (RTE 18), the suspect vehicle took a right turn towards Abington.
   After crossing into Abington the suspect vehicle took a right turn onto Vinyard Road, then onto Beaver Lane. Beaver Lane is a dead end Street and the

# Braintree Police Department
## Incident Report

Thursday 01:22

le Narrative

| INCIDENT LOCAL # PRIORITY ACC REP | ACTIVITY ADDRESS (JURISDICTION) DISPOSITION | OFFICER(S) | RECEIVED DISPATCHED ARRIVED CLEARED | DISPATCHER SUPERVISOR NATURE INCIDENT TYPE |
|---|---|---|---|---|

Narrative  1 (continued)  By: **DAVID DELPAPA**          Incident **I0504272**

suspect was forced to turn around to exit.  I attempted to stop this vehicle as it was exiting Beaver Lane at which point the suspect vehicle swerved toward me.  Fearing that this vehicle was going to ram my cruiser, I swerved to the right to avoid a collision.  As the suspect vehicle drove by me I was able to get a good look at the operator.  The operator appeared to be either a light skinned black male or Hispanic male in his mid to late thirties with dark colored hair wearing a brown sweatshirt/jacket.  After passing my location the suspect tried to ram Det. Cohoon's vehicle with his as he was exiting Beaver Lane.

    The suspect vehicle exited Vinyard Road, taking a right turn back onto Route 18.  At this point I stopped following the suspect vehicle.  Det. Cohoon continued to follow the suspect vehicle as it travelled down Route 18.  Sgt. Saccoache, Officer S. Marquartt, Officer M. Carini (of the Abington Police Department) and Det. Cohoon were able to stop the suspect vehicle and place the operator under arrest on Route 18 just beyond the Cape Cod Lumber store.  The operator was identified as William Martinez d.o.b. 05/21/66.  The passenger in the vehicle was identified as Manuel A. Florentino d.o.b. 08/28/63.

    Both Mr. Martinez and Mr. Florentino have been arrested in the past for drug offenses.  Mr. Florentino had $700.00 in cash on his person, which was seized by Det. Cohoon pending further investigation.  Mr. Florentino was released from the scene.  Mr. Martinez was charged with Failing to stop for a Police Officer, Operating a motor vehicle in a Negligent manner as to Endanger the lives and safety of the public, and Operating a Motor Vehicle with a Suspended drivers license.  Citation # M1084011 issued to Mr. Martinez in hand.  The vehicle Mr. Martinez was operating was towed from the scene by Express Towing.

    Two additional charges of Assault and Battery by means of a Dangerous Weapon, to wit a motor vehicle, will be sought against Mr. Martinez by the Abington Police Department.

Respectfully Submitted,

Ptl. David N. DelPapa